IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

OCT 21 2008

Travis L. Kelly, Sr., )
    Plaintiff, )
)
v. ) 1:08cv433 (TSE/TRJ)
)
Mrs. Terrangi, et al., )
    Defendants. )

## MEMORANDUM OPINION

On August 15, 2007, Travis L. Kelly, Sr., a Virginia inmate proceeding pro se, filed a "Bill of Complaint," in the Circuit Court for the City of Chesapeake, Virginia, against the Indian Creek Correctional Center ("ICCC"), and two of its employees, mail room supervisor Mrs. Terrangi and medical supervisor Mr. Daley, and against ARMR Correctional Health Service ("ARMR") and two of its personnel, Dr. Jose Armus and Dr. O. Ajumobi. Kelly v. Terrangi, et al., CL07-2545. Plaintiff, who is now confined at Dillwyn Correctional Center, makes various allegations in the complaint regarding his treatment at ICCC, which include claims of negligent medical care, denial of access to the institution's law library, problems with the handling of his mail, and a complaint that the well water being used at ICCC caused him health problems and complications.[1] Now before the Court are defendant Daley's Notice of Removal[2] and his Motion to Dismiss. Also before the Court are plaintiff's Motion for a Bill of Particulars and requests for entry of default against defendants Drs. Armus and Ajumobi. For the reasons below, Daley's Motion to Dismiss will be granted, plaintiff's

---

[1] In plaintiff's claim regarding the well water, he further alleges that the medical department was aware of the negative impact the well water had on his health conditions but did nothing to address it. Compl 2.

[2] On behalf of defendant Daley, his attorneys submitted the $350.00 filing fee to remove this case to federal court.

Motions will be denied, and plaintiff will be directed to provide additional information.

## I. Removal

Before addressing plaintiff's complaint, it is necessary to determine whether it was proper for defendant Daley to remove this case from state to federal court. Defendant Daley was served with the complaint on April 1, 2008. Notice of Removal 2. Defendant Terrangi was also served with the complaint on or before April 21, 2008.[3] See id. at 3. At present, it is unclear whether any of the other defendants have been served with the complaint.[4] On April 22, 2008, defendant Daley filed his timely Notice of Removal, pursuant to 28 U.S.C. § 1446. Neither defendant Terrangi nor any other defendant has endorsed Daley's notice of removal, consented to removal, or filed an independent notice of removal. Additionally, plaintiff made no objection to the notice of removal.[5] Thus, the question is raised whether Daley's notice of removal alone is sufficient to fulfill the procedural requirements of 28 U.S.C. § 1446 or whether this case should be remanded to the Circuit Court for the City of Chesapeake. The Court concludes that Daley's notice of removal is sufficient, and remand is inappropriate, because plaintiff has waived any objection to removal.

Courts must strictly construe removal statutes because the removal of cases from state to

---

[3] From the documents filed in this case, it is unclear exactly when defendant Terrangi was served. However, because counsel has made an appearance on her behalf and because defendant Daley's counsel has sent the Notice of Removal to Terrangi's attorney on April 21, 2008, it is apparent both that Terrangi was served at some point before April 21, 2008, and that she has been notified about defendant Daley's Notice of Removal.

[4] In plaintiff's affidavits in support of his request for entry of default against defendants Armus and Ajumobi, plaintiff claims that these defendants were "served with a copy of the summons and complaint as appears from the proof of service on file." However, no attorney has entered an appearance on behalf of these defendants and nothing in the record suggests that these defendants have been served.

[5] In fact, not only has plaintiff failed to object to removal, but he has filed various motions and requests with this Court, thus suggesting that he has no objection to removal.

federal court raises important federalism concerns. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994); Unicom Systems, Inc. v. Nat'l Louis Univ., 262 F.Supp. 2d 638, 641 (E.D. Va. Apr. 28, 2003). Any doubts about the appropriateness of removal should be resolved in favor of remanding the case to state court. Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004). "Courts have uniformly construed the statutory language [of 28 U.S.C. § 1446] as requiring all defendants, who may properly do so, to join in or otherwise consent to a removal notice." Unicom, 262 F.Supp. at 641 (citations omitted) (emphasis in original). However, the United States Court of Appeals for the Fourth Circuit has held that a failure of all defendants to join in the removal petition under 28 U.S.C. § 1446(a) does not implicate the court's subject matter jurisdiction because it "is merely an error in the removal process" and "[a]s a result, a plaintiff who fails to make a timely objection waives the objection." Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 203 (4th Cir. 2006). Under 28 U.S.C. § 1447(c), "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."

In this case, because plaintiff failed to object to Daley's notice of removal within 30 days, plaintiff waived any objection to removal. Payne, 439 F.3d at 203. For that reason, and because most of the issues plaintiff raises are constitutional in nature and therefore properly before this Court, remand of this action to the Circuit Court for the City of Chesapeake is inappropriate, and this Court will retain jurisdiction over plaintiff's suit. See id.; Ada Lisa Group v. Sara Lee Branded Apparel, No. 1:06cv610, 2007 WL 634083, at *13-14 (M.D.N.C. Feb. 26, 2007). Because plaintiff's case is properly before this Court, it will be addressed on its merits.

## II. Background

In plaintiff's two-page complaint, which will be construed as a civil action filed pursuant to 42 U.S.C. § 1983, he includes the following as defendants: Mrs. Terrangi, the warden and supervisor of the mail room at ICCC; ICCC; ARMR Correctional Health Service ("ACHS"); Dr. Jose Armus, the owner of ACHS; Dr. O. Ajumobi, an employee of ACHS; and Mr. Daley, medical supervisor at ICCC. Plaintiff raises four claims in his complaint. First, he contends that he experienced health problems because defendant Dr. O. Ajumobi "over medicat[ed] him with strong doses of blood pressure medication." Second, he claims that he was denied use of ICCC's law library. Third, he complains that he experienced a number of problems with his mail at ICCC. Specifically, he claims that he received some of his legal mail after it had already been opened, that he did not receive some of his legal mail, and that his outgoing legal mail did not reach the intended recipients. Finally, he claims that the well water that ICCC uses, and that plaintiff had to drink, caused him health problems and complications. In particular, plaintiff claims that the medical department was aware that plaintiff has kidney stones and is supposed to drink a lot of water, but is not supposed to drink well water. However, plaintiff claims that despite the medical department's knowledge of his condition, it did nothing to ensure that plaintiff received more suitable drinking water, which is "a form of cruel and unusual punishment." Plaintiff includes no claim for damages or other relief in his complaint.

## III. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." A Motion to Dismiss under Rule 12(b)(6) tests the sufficiency of a complaint and does not resolve contests surrounding the facts, the merits of a claim or the applicability of defenses. Republican Party of N.C. v. Martin, 980 F.2d

4

943, 952 (4th Cir. 1990). In considering such a Motion, the Court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true. See Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). Additionally, all reasonable inferences must be made in plaintiff' favor. See Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level" to one that is "plausible on its face," rather than one that is merely "conceivable." Bell Atlantic Corp. v. Twombly, – US – , 127 S.Ct. 1955, 1965, 1974 (2007).

### IV. Daley's Motion to Dismiss

Although district courts have a duty to construe pleadings by pro se litigants liberally, a pro se plaintiff must nevertheless allege a cause of action. Bracey v. Buchanan, 55 F. Supp. 2d 416, 421 (E.D.Va. 1999). To state a cause of action under § 1983, a plaintiff must allege facts indicating that he was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42 (1988). Thus, each named defendant must have had personal knowledge of and involvement in the alleged violations of plaintiff's constitutional rights for the action to proceed against them. Liberally construed, plaintiff appears to be alleging that defendant Daley is liable to him either because Daley provided plaintiff with inadequate medical care or because Daley, as the medical department supervisor at ICCC, is responsible for the medical care plaintiff received from other medical practitioners.[6]

---

[6] The Court notes that in plaintiff's two-page complaint, other than including Daley's name in the list of defendants, plaintiff does not mention Daley's name even once in the body of the complaint and describes no action or omission Daley committed that is alleged to have violated plaintiff's constitutional rights.

A. Inadequate Medical Care

Plaintiff's allegations fail to state a cognizable § 1983 claim against defendant Daley for inadequate medical care. In order to state a claim for constitutionally inadequate medical care under the Eighth Amendment, a plaintiff must state facts sufficient to show that prison officials were deliberately indifferent to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976); see also Staples v. Virginia Dep't of Corr., 904 F. Supp. 487, 492 (E.D. Va. 1995). Thus, plaintiff must allege two distinct elements to state a claim upon which relief can be granted. First, he must demonstrate a sufficiently serious medical need. See, e.g., Cooper v. Dyke, 814 F.2d 941, 945 (4th Cir. 1987) (determining that intense pain from an untreated bullet wound is sufficiently serious); Loe v. Armistead, 582 F.2d 1291, 1296 (4th Cir. 1978) (concluding that the "excruciating pain" of an untreated broken arm is sufficiently serious). Second, he must show deliberate indifference to that serious medical need. For this second, subjective prong, an assertion of mere negligence or malpractice is not enough to constitute an Eighth Amendment violation. Estelle, 429 U.S. at 106; Daniels v. Williams, 474 U.S. 327, 328 (1986); Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). Additionally, a prisoner's disagreement with medical personnel over the course of his treatment does not make out a cause of action unless exceptional circumstances are alleged. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam); Harris v. Murray, 761 F. Supp. 409, 414 (E.D. Va. 1990). Further, "[a] complaint that a physician has been negligent in diagnosing . . . a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Estelle, 429 U.S. at 106. To be actionable, an inmate's treatment must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier, 896 F.2d 848, 851 (4th Cir. 1990).

First, plaintiff here fails to present facts sufficient to establish that he has a serious medical need. In the complaint, he refers to being on blood pressure medication and to having undergone two prior surgeries for kidney stones. However, it is unlikely that either having high or low blood pressure, or having had kidney stones in the past, amounts to a serious medical need. See, e.g., Cooper, 814 F.2d at 945; Loe, 582 F.2d at 1296. Also, even assuming *arguendo* that a blood pressure problem or kidney stones presents a serious medical need, plaintiff has not alleged facts suggesting that defendant Daley was deliberately indifferent to that need. Plaintiff does not point to any act or omission by defendant Daley that would suggest that he provided constitutionally inadequate medical care to plaintiff. In fact, plaintiff fails to mention defendant Daley by name anywhere in the body of his complaint. Moreover, although plaintiff complains that he was over-medicated with strong doses of blood pressure medication and that the water at ICCC was detrimental to him, there is nothing in the complaint to suggest how or in what manner, if at all, defendant Daley was responsible for or contributed to either the dosage of medication prescribed to plaintiff or the quality of the facility's drinking water. As such, plaintiff has failed to allege facts sufficient to show that defendant Daley was deliberately indifferent to plaintiff's serious medical needs. Accordingly, defendant Daley's Motion to Dismiss will be granted.

B. <u>Supervisory Liability</u>

To the extent that plaintiff is attempting to raise a claim of supervisory liability against defendant Daley because Daley is the medical department supervisor, plaintiff also fails to state a § 1983 claim. In certain circumstances, supervisory officials may be held liable for the constitutional injuries inflicted by their subordinates. See Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994) (citing Slakan v. Porter, 737 F.2d 368 (4th Cir. 1984)). This liability, however, is not premised on

7

respondeat superior, but upon "a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." Id. at 798 (quoting Slakan, 737 F.2d at 372-73). "[L]iability ultimately is determined 'by pinpointing the persons in the decision-making chain whose deliberate indifference permitted the constitutional abuses to continue unchecked.'" Id. at 798 (quoting Slakan, 737 F.2d at 376). Because plaintiff has not alleged that Daley was personally involved in the deprivation of plaintiff's constitutional rights, or even that Daley had knowledge that any other prison official violated plaintiff's constitutional rights, Daley's Motion to Dismiss must also be granted with respect to this claim.

### V. Plaintiff's Remaining Claims

As stated, the remainder of plaintiff's claims lack the specificity necessary to state a constitutional claim against any of the named defendants. Additionally, plaintiff provides no information regarding the dates of the violations he allegedly suffered or whether he has exhausted institutional administrative remedies with respect to his claims. Accordingly, plaintiff will be directed to provide additional information before his civil action may proceed.

There is no federal statute of limitations for § 1983 claims, so the state limitations period which governs personal injury actions is applied. See Wilson v. Garcia, 471 U.S. 261, 280 (1985). Virginia has a two-year statute of limitations for personal injury claims under Virginia Code. § 8.01-243(A), which is the applicable statute of limitations in this action. See Shelton v. Angelone, 148 F. Supp. 2d 670, 677 (W.D. Va. 2001), aff'd, 49 Fed. Appx. 451 (4th Cir. Oct. 30, 2002) (unpublished opinion). Additionally, federal courts are "obligated not only to apply the analogous state statute of limitations to federal constitutional claims brought under § 1983, but also to apply

the State's rule for tolling that statute of limitations." Scoggins v. Douglas, 760 F.2d 535, 537 (4th Cir. 1985) (citing Board of Regents v. Tomanio, 446 U.S. 478, 484-86 (1980)). Because plaintiff does not provide the dates of the events giving rise to his claims against any of the named defendants, it is unclear whether plaintiff's civil action is barred by the applicable statute of limitations. Plaintiff will be directed to address this issue in his response.

Additionally, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 126 S. Ct. 2378, 2387 (2006) (requiring complete exhaustion of correctional facility administrative remedies). In order to bring this action in the federal courts, plaintiff must receive a response to his grievance and, if unsatisfactory, must pursue it through all available levels of appeal before presenting that claim in federal court. At this time it is unclear whether plaintiff properly and completely exhausted institutional administrative remedies with respect to his claims. Before this action may proceed, additional information concerning plaintiff's exhaustion of administrative remedies will be requested. See Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 680 (4th Cir. 2005) (deeming improper sua sponte dismissal of a claim on exhaustion grounds).

## VI. Plaintiff's Motions and Requests

Plaintiff has submitted a Motion for a Bill of Particulars as well as a request for entry of default judgment against defendants Armus and Ajumobi. The Court notes as an initial matter that it is normally the defendant and not the plaintiff, whether in a civil or criminal matter, who files a Motion for a Bill of Particulars. Also, plaintiff's Motion in legal effect appears to be a general Motion for Discovery in the form of interrogatories. The Court finds it is premature to allow

discovery before receiving additional information from plaintiff regarding his claims, the statute of limitations, and exhaustion. However, the Court will reconsider these discovery issues, upon motion, at a later and more appropriate time.

With respect to plaintiff's requests for entry of default judgment against defendants Armus and Ajumobi, those requests will also be denied. Although plaintiff claims in his affidavit that these defendants have been "served with a copy of the summons and complaint as appears from the proof of service on file," this Court has no record of either of these defendants ever being served. Also, no attorney has entered an appearance on behalf of either of these defendants. Because it is unclear whether these defendants have been served and whether they have been directed to file an answer or other responsive pleading to plaintiff's complaint, plaintiff's requests for the entry of default judgment against these defendants will be denied at this time.

## VII. Conclusion

For the foregoing reasons, removal to this Court is appropriate, defendant Daley's Motion to Dismiss will be granted, plaintiff's Motion for a Bill of Particulars and requests for entry of default judgment will be denied, and plaintiff will be directed to provide additional information. An appropriate Order shall issue.

Entered this 21st day of October 2008.

Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge

10